Case 1:08-cv-00258   Document 1   Filed 01/11/2008   Page 1 of 5

YM

FILED
JANUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 258

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY and KAREN JAGOE, and <br> JOYCE GRIGGS, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERIQUEST MORTGAGE COMPANY, <br> AMC MORTGAGE SERVICES, INC., <br> ACC CAPITAL HOLDINGS, AMERIQUEST <br> MORTGAGE SECURITIES INC.; DEUTSCHE <br> BANK NATIONAL TRUST COMPANY in its <br> own capacity and as Trustee for ASSET BACKED <br> FUNDING CORPORATION MORTGAGE LOAN <br> ASSET-BACKED CERTIFICATES, SERIES <br> 2005-AQ1 and as Trustee for AMERIQUEST <br> MORTGAGE SECURITIES INC., ASSET <br> BACKED PASS THROUGH CERTIFICATE, <br> SERIES 2005-R4 and as Trustee for <br> AMERIQUEST MORTGAGE SECURITIES INC., <br> ASSET BACKED PASS THROUGH <br> CERTIFICATE, SERIES 2005-R1 and ASSET <br> BACKED FUNDING CORPORATION <br> MORTGAGE LOAN ASSET-BACKED <br> CERTIFICATES, SERIES 2005-AQ1, <br> AMERIQUEST MORTGAGE SECURITIES INC., <br> ASSET BACKED PASS THROUGH <br> CERTIFICATE, SERIES 2005-R4 and <br> AMERIQUEST MORTGAGESECURITIES INC., <br> ASSET BACKED PASS THROUGH <br> CERTIFICATE, SERIES 2005-R1 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. <br><br><br><br><br><br> JURY TRIAL DEMAND <br> **JUDGE CASTILLO** <br> **MAGISTRATE JUDGE VALDEZ** |

## COMPLAINT

### INTRODUCTION

1.      Plaintiffs charge defendants with failure to honor valid rescission requests in violation of 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of applicable state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claims under the Truth in Lending Act arise under federal law. This Court has supplemental jurisdiction over plaintiffs' claims under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

## PARTIES

4. Plaintiffs are home owners who refinanced their mortgages in transactions with Ameriquest Mortgage Company.

5. Defendant Ameriquest Mortgage Company originated plaintiffs' mortgages in connection with those refinancing transactions and took security interests in plaintiffs' homes. Defendant AMC Mortgage Services, Inc. serviced plaintiffs' mortgages. Defendants ACC Capital Holdings and Ameriquest Mortgage Securities Inc. participated in the illegal scheme. Defendant Deutsche Bank National Trust Company as Trustee for Asset Backed Funding Corporation Mortgage Loan Asset-Backed Certificates, Series 2005-AQ1 and/or as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificate, Series 2005-R4 and/or Asset Backed Funding Corporation Mortgage Loan Asset-Backed Certificates, Series 2005-AQ1 and/or Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificate, Series 2005-R4 is the owner/assignee of the Jagoe mortgage. Defendant Deutsche Bank National Trust Company as trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates, Series 2005-R1 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates, Series 2005-R1 is the

owner/assignee of the Griggs mortgage.

### COUNT ONE -- TRUTH IN LENDING ACT

6. Plaintiffs incorporate paragraphs one through five above.

7. Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act. More specifically, the disclosures were deficient in the following ways:

### Bobby and Karen Jagoe

8. Ameriquest's disclosures to plaintiffs Bobby and Karen Jagoe in connection with plaintiffs' mortgage refinancing transaction did not comply with the requirements of the Truth in Lending Act. Among other things, the Notice of Right to Cancel forms delivered to plaintiffs at the closing did not include the date that the rescission period expired. Second, Ameriquest only delivered two Notice of Right to Cancel forms and both were directed to Bobby Jagoe. Thus, Ameriquest did not deliver any Notice of Right to Cancel forms to Karen Jagoe and the forms provided to Mr. Jagoe made it appear that only he had the right to rescind. Moreover, Ameriquest told Mr. Jagoe that if he made regular mortgage payments he would be able to refinance into a fixed rate loan at a much lower interest rate before the mortgage interest rate adjusted upwards, thereby misleading plaintiffs as to the cost of credit.

### Joyce Griggs

9. Ameriquest's disclosures to Joyce Griggs did not comply with the requirements of the Truth in Lending Act. Ameriquest only delivered one copy of the Notice of Right to Cancel form to Ms. Griggs, rather than the two copies required by law. Also, the Notice of Right to Cancel form has an incorrect expiration date because the Griggs' loan transaction really closed on January 21, 2005, not January 20, 2005 as stated in the loan papers. Ameriquest misled Ms. Griggs as to the interest rate should would be charged. Moreover, Ameriquest gave Ms. Griggs a one week right to cancel form which was misleading in that Ameriquest ignored a rescission notice sent by Ms. Griggs within

the one week period. Furthermore, Ameriquest provided plaintiff a document (**APPLICATION DISCLOSURE**) which said that she would owe $325 if she cancelled the deal, a statement which misrepresented the effects of rescission.

### COUNT TWO -- VIOLATION OF STATE LAW

10. Plaintiffs incorporate paragraphs one through nine above.

11. In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiffs intending to induce reliance. Ameriquest baited plaintiffs into mortgage transactions by offering a relatively favorable set of terms and then switched to more expensive terms. More specifically:

### Bobby and Karen Jagoe

12. In or about May 2005, Ameriquest representative Max Montoya spoke by telephone to plaintiff Bobby Jagoe and initially quoted him an interest rate of 6.1%; the actual initial interest rate turned out to be 7.45% and could go as high as 13.45%. Also, in the telephone conversations, Mr. Montoya assured Mr. Jagoe that if he made regular mortgage payments he would be able to refinance into a fixed rate loan with a lower interest rate before his interest rate adjusted upwards; this turned out not to be true.

### Joyce Griggs

13. In or about January 2005, plaintiff Joyce Griggs spoke several times on the telephone to an Ameriquest representative named Joseph Berhund who promised her an initial interest rate of 8% and told her she would be able to refinance to a lower rate before her interest rate adjusted upwards. In fact, the initial interest rate on the Griggs loan was 10.5%.

14. Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under applicable state law.

15. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

16. The other defendants knowingly aided and abetted this illegal behavior by

4

Ameriquest, and knowingly participated in an illegal conspiracy and joint venture with Ameriquest, and are therefore also liable to plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

    a.    canceling the appropriate defendants' security interests in plaintiffs' homes and ordering those defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

    b.    awarding appropriate statutory damages against Ameriquest;

    c.    awarding plaintiffs costs, penalties, and attorneys fees;

    d.    awarding plaintiffs actual and punitive damages;

    e.    granting such other relief as the Court deems just and proper.

Respectfully Submitted By:

/s/ Anthony P. Valach, Jr
Counsel for Plaintiffs

THE LAW OFFICES OF DANIEL HARRIS
Daniel Harris
Anthony Valach
150 N. Wacker Dr., Suite 3000
Chicago, IL 60606
Telephone: (312) 960-1802
Facsimile: (312) 960-1936