## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 Lead Case No. 05-cv-07097 Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Bobby and Karen Jagoe, et al. v. Ameriquest Mortgage Company, et al.;* Case No. 08 C 258 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER
## AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiffs BOBBY and KAREN JAGOE and JOYCE GRIGGS ("Plaintiffs") Complaint as follows.

## COMPLAINT

## INTRODUCTION

1.    Plaintiffs charge defendants with failure to Inner valid rescission requests in violation of 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of applicable state law.

**ANSWER:    Defendant admits that Plaintiffs have filed this lawsuit against it.  Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1635 or any state law.  Defendant denies any remaining allegations of Paragraph 1.**

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claims under the Truth in Lending Act arise under

BN 1694324v1

federal law.  This Court has supplemental jurisdiction over plaintiffs claims under state law

pursuant to the Judicial Improvements Act of 1990. Pub.L.No. 101-650, 104 Stat. 5089, 28

U.S.C. § 1367.

**ANSWER:**    **Defendant does not dispute subject matter jurisdiction.  Defendant denies
any remaining allegations of Paragraph 2.**

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the

defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has

issued an order centralizing predatory lending litigation against Ameriquest in this district before

Judge Aspen.

**ANSWER:**    **Defendant does not dispute venue.  Defendant denies any remaining
allegations of Paragraph 3.**

## PARTIES

4.    Plaintiffs are home owners who refinanced their mortgages in transactions with

Ameriquest Mortgage Company.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 4 and on that basis denies such
allegations.**

5.    Defendant Ameriquest Mortgage Company originated plaintiffs' mortgages in

connection with those refinancing transactions and took security interests in plaintiffs' homes,

Defendant AMC Mortgage Services, Inc. serviced plaintiffs' mortgages. Defendants ACC

Capital Holdings and Ameriquest Mortgage Securities Inc. participated in the illegal scheme.

Defendant Deutsche Bank' National Trust Company as Trustee for Asset Backed Funding

Corporation Mortgage Loan Asset-Backed Certificates Series 2005-AQ1 and/or as Trustee for

Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificate, Series 2005-R4

and/or Asset Backed Funding Corporation Mortgage Loan Asset-Backed Certificates, Series

2005-AQI and/or Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificate;

Series 2005-R4 is the owner/assignee of the Jagoe mortgage. Defendant Deutsche Bank National

- 2 -

Trust Company as trustee for Ameriquest Mortgage: Securities Inc. Asset Backed Pass Through

Certificates, Series 2005-R1 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass

Through Certificates, Series 2005-R1 is the owner/assignee of the Griggs mortgage.

**ANSWER:    Defendant admits that it serves as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass Through Certificates, Series 2005-R4, which includes the Jagoe loan and Ameriquest Mortgage Securities, Inc., Asset-Backed Pass Through Certificates, Series 2005-R1, which includes the Griggs loan.  Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 5 and on that basis denies such allegations.**

## COUNT ONE-TRUTH IN LENDING ACT

6.      Plaintiffs incorporate paragraphs one through five above.

**ANSWER:    Defendant incorporates its answers to Paragraphs 1-5 in response to this Paragraph.**

7.      Ameriquest's disclosures to plaintiffs in connection with plaintiffs mortgage

refinancing transactions did not comply with the requirements of the Truth in Lending Act. More

specifically, the disclosures were deficient in the following ways:

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

### Bobby and Karen Jagoe

8.      Ameriquest's disclosures to plaintiffs Bobby and Karen Jagoe in connection with

plaintiffs' mortgage refinancing transaction did not comply with the requirements of the Truth in

Lending Act.  Among other things, the Notice of Right to Cancel forms delivered to plaintiffs at

the closing did not include the date that the rescission period expired. Second Ameriquest only

delivered two Notice of Right to Cancel forms and both were directed to Bobby Jagoe. Thus,

Ameriquest did not deliver any Notice of flight to Cancel forms to Karen Jagoe and the forms

provided to Mr. Jagoe made it appear that only he had the right to rescind. Moreover,

- 3 -

Ameriquest told Mr. Jagoe that if he made regular mortgage payments he would be able to refinance into a fixed rate loan at a much lower interest rate before the mortgage interest rate adjusted upwards, thereby misreading plaintiffs as to the cost of credit.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

### Joyce Griggs

9.      Ameriquest's disclosures to Joyce Griggs did not comply with the requirements of the Truth in Lending Act. Ameriquest only delivered one copy of the Notice of Right to Cancel form to Ms. Griggs rather than the two copies required by law. Also, the Notice of Right to Cancel form has an incorrect expiration date because the Griggs' loan transaction really closed on January 21, 2005, not January 20, 2005 as stated in the loan papers. Ameriquest misled Ms. Griggs as to the interest rate should would be charged. Moreover, Ameriquest gave Ms. Griggs a one week right to cancel form which was misleading in that Ameriquest ignored a rescission notice sent by Ms. Griggs within the one week period. Furthermore, Ameriquest provided plaintiff a document (**APPLICATION DISCLOSURE**) which said that she would owe $325 if she cancelled the deal, a statement which misrepresented the effects of rescission.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

### COUNT TWO - VIOLATION OF STATE LAW

10.      Plaintiffs incorporate paragraphs one through nine above.

**ANSWER:**     **Defendant incorporates its answers to Paragraphs 1-9 in response to this Paragraph.**

11.      In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiffs intending to induce reliance.  Ameriquest baited plaintiffs into mortgage

transactions by offering a relatively favorable set of terms and then switched to more expensive terms. More specifically:

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

### Bobby and Karen Jagoe

12.    In or about May 2005, Ameriquest representative Max Montoya spoke by telephone to plaintiff Bobby Jagoe and initially quoted him an interest rate of 6.1%; the actual initial interest rate turned out to be 7.45% and could go as high as 13.45%. Also, in the telephone conversations, Mr. Montoya assured Mr. Jagoe that if he made regular mortgage payments he would be able to refinance into a fixed rate loan with a lower interest rate before his interest rate adjusted upwards; this turned out not to be true.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

### Joyce Griggs

13.    In or about January 2005, plaintiff Joyce Griggs spoke several times on the telephone to an Ameriquest representative named Joseph Berhund who promised her an initial interest rate of 8% and told her she would be able to refinance to a lower rate before her interest rate adjusted upwards.  In fact, the initial interest rate on the Griggs loan was 10.5%.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.    Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under applicable state law.

**ANSWER:** **Because Paragraph 14 states a legal conclusion, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient**

to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.

15.     Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

**ANSWER:**     Because Paragraph 15 states a legal conclusion, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.

16.     The other defendants knowingly aided and abetted this illegal behavior by Ameriquest, and knowingly participated in an illegal conspiracy and joint venture with Ameriquest, and are therefore also liable to Plaintiffs.

**ANSWER:**     Because Paragraph 16 states legal conclusions, no answer is required. If an answer is required, Defendant denies it has violated any law.  Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 16 and on that basis denies such allegations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

     a.     canceling the appropriate, defendants' security interests in plaintiffs' homes and ordering those defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 CX.R..§ 2203(d)(2);

     b.     awarding appropriate statutory damages against Ameriquest;

     c.     awarding plaintiffs costs, penalties, and attorneys fees;

     d.     awarding plaintiffs actual and punitive damages;

     e.     granting such other relief as the Court deems just and proper.

**ANSWER:**     Because this Prayer for Relief states a legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.    Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.    Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.    Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1.    Dismiss Plaintiffs' Complaint;

2.    Enter judgment for Defendant and against Plaintiffs in this action;

3.    Award Defendant its costs of suit; and

4.    Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  February 25, 2008        By:  /s/ Bernard E. LeSage
                                      *Attorneys Deutsche Bank National Trust*
                                      *Company, as Trustee.*

                                    Bernard E. LeSage, Esq.
                                    Sarah K. Andrus, Esq.
                                    BUCHALTER NEMER, a P.C.
                                    1000 Wilshire Boulevard, Suite 1500
                                    Los Angeles, CA 90017-2457
                                    Telephone: (213) 891-0700
                                    Facsimile: (213) 896-0400

BN 1694324v1

## <u>CERTIFICATE OF SERVICE</u>

I, Connie Madrigal, hereby certify that on this 25th day of February 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    _____/s/  Connie Madrigal_____

BN 1694324v1